Filed 1/12/15  P. v. Sorisho CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066136 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245904) |
| EDWARD A. SORISHO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

A jury found Edward A. Sorisho guilty of possession of a controlled substance for purposes of sale (Health & Saf. Code, § 11378), and the trial court found true various enhancements.[1] The trial court imposed a three-year sentence. Sorisho timely filed an appeal.

While Sorisho's appeal was pending, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court indicating that Sorisho met the criteria to serve his commitment in a local facility rather than in state prison. In March 2014, the trial court held a hearing at which it ordered Sorisho to serve his sentence at a local facility. On April 15, 2014, the trial court entered an amended resentencing order in which it recalled Sorisho's original sentence in this case, and resentenced him to an aggregate term of three years in local custody.

Sorisho filed an appeal of the trial court's April 15, 2014 amended resentencing order. Appointed appellate counsel has filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende*

---

[1] While this appeal was pending, we granted Sorisho's unopposed motion to take judicial notice of the record and opinion from a prior appeal in this case. (*People v. Sorisho* (Sept. 15, 2014 D064170) [nonpub. opn.] (*Sorisho I*).) The introduction and the factual and procedural history of this opinion are drawn in part from the opinion in the prior appeal. (*Ibid.*)

(1979) 25 Cal.3d 436 (*Wende*).[2]  After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *The underlying case*

The San Diego District Attorney filed a complaint charging Sorisho with possession of a controlled substance for purposes of sale (Health & Saf. Code, § 11378). The complaint also alleged that Sorisho had suffered three prior convictions for possession of a controlled substance for sale, within the meaning of Health and Safety Code section 11370.2, subdivision (c). The complaint further alleged that Sorisho had suffered one prison prior, within the meaning of Penal Code sections 667.5, subdivision (b) and 668.  A jury found Sorisho guilty of the charged offense.  In a bifurcated proceeding, the trial court found true all of the allegations regarding Sorisho's prior convictions.

At sentencing, the trial court denied the prosecutor's request to impose sentence on Health and Safety Code section 11370.2, subdivision (c) enhancements, and thereby implicitly exercised its discretion to strike the enhancements in the interests of justice

---

[2]    Appointed counsel stated in his brief that the trial court initially failed to properly update Sorisho's custody credits.  However, counsel indicated that on July 11, 2014, the trial court updated Sorisho's custody credits pursuant to a stipulation "signed by counsel for both parties and by the trial judge."

pursuant to Penal Code section 1385.[3]  The trial court denied probation and imposed a

three-year sentence consisting of the midterm of two years on count 1 (Health & Saf.

Code, § 11378) and a consecutive one-year term for the prison prior (Pen. Code,

§§ 667.5, subd. (b), and 668).

B.    *Sorisho I*

Sorisho timely appealed from the judgment.  On appeal, Sorisho contended that

the trial court erred in sustaining an objection to defense counsel's closing argument.

Sorisho also claimed that the judgment should reflect that he was to serve his sentence in

county jail rather than in state prison. This court rejected Sorisho's contention concerning

defense counsel's closing argument.  (*Sorisho I*, *supra*, D064170.)  We further concluded

that Sorisho's sentencing claim was rendered moot in light of the fact that, while the

appeal was pending, the trial court resentenced Sorisho pursuant to subdivision (h) of

section 1170 of the Penal Code, ordering that he serve his sentence in local custody,

rather than in state prison.  (*Sorisho I*,  *supra*, D064170.)

C.    *This appeal*

The trial court held a hearing in March 2014 at which the court stated that

Sorisho's sentence was required to be served at a local facility.  The court confirmed that

Sorisho's sentence would remain three years, and that local authorities would recalculate

Sorisho's custody credits.  On April 15, 2014, the trial court entered an "amended

---

3      Specifically, the court stated, "I just think three years is enough for this.  It's not an
eight-year term."

resentence" order. In that order, the court sentenced Sorisho to three years in local custody pursuant to section 1170, subdivision (h), consisting of the middle term of two years for his violation of Health and Safety Code, section 11378 (count 1) and a consecutive one-year term for the prison prior (Pen. Code, §§ 667.5, subd. (b), 668). The court indicated that the sentence was to be served in a local facility and directed the sheriff's department to calculate the "appropriate credits" that Sorisho was to receive.

In June 2014, while *Sorisho I* was pending, Sorisho filed an appeal from the trial court's April 15, 2014 amended resentencing order.

On July 11, 2014, the trial court issued a minute order in which the court updated Sorisho's custody credits, awarding him a total of 914 days. Attached to the minute order is a "Stipulation and Order Re the Awarding of Custody Credits," signed by the attorneys for both parties and by the trial judge.

III.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel has presented no argument for reversal, and has identified no possible issues for review. Counsel invited this court to review the record for error in accordance with *Wende, supra*, 25 Cal.3d 436.

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, has disclosed no reasonably arguable appellate issue. Sorisho has been adequately represented by counsel on this appeal.

5

IV.

DISPOSITION

The April 15, 2014 resentencing order, as modified by the July 11, 2014 custody credits order, is affirmed.

                                                                              AARON, J.

WE CONCUR:

NARES, Acting P. J.

McINTYRE, J.

6